**CHAPTER 13 PLAN**
**United States Bankruptcy Court**
**Northern District of Mississippi**

Debtor **Jackson, Rodney**        SS # XXX-XX-**3145**        CASE NO. **1:13-bk-10964**
Joint Debtor                      SS # XXX-XX-_____       Median Income [ ] Above   [X] Below
Address **803 Spring Ridge Cv Holly Springs, MS 38635-7111**

**THIS PLAN DOES NOT ALLOW CLAIMS. Creditors must file a proof of claim to be paid under any plan that may be confirmed, The treatment of ALL secured and priority debts must be provided for in this plan.**

**PAYMENT AND LENGTH OF PLAN**
The plan period shall be for a period of **60** months, not to be less than 36 months for below median income debtor(s), or less than 60 months for above median income debtor(s).

(A) Debtor shall pay $**194.50** per ([ ] monthly / [ ] semi-monthly / **[X]** weekly / [ ] bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the Court, an Order directing payment shall be issued to Debtor's employer at the following address:
**Lucite International**
**10800 Ridgeway Industrial Rd**
**Olive Branch, MS  38654-0000**

(B) Joint Debtor shall pay $_____ per ([ ] monthly / [ ] semi-monthly / [ ] weekly / [ ] bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the Court, an Order directing payment shall be issued to Debtor's employer at the following address:

**PRIORITY CREDITORS.**
Filed claims which are not disallowed are to be paid in full or as ordered by the Court as follows:
Internal Revenue Service:        $ **0.00** @ $ **0.00** /month
Mississippi Dept. of Revenue:    $ **0.00** @ $ **0.00** /month
Other:                           $ **0.00** @ $ **0.00** /month

**DOMESTIC SUPPORT OBLIGATION.** DUE TO:

POST PETITION OBLIGATION: In the amount of $_____ per month beginning _____. To be paid: [ ] direct, ☐ through payroll deduction, or [ ] through the plan.

PRE-PETITION ARREARAGE:

In the total amount of $_____ through _____ which shall be paid in the amount of $_____ per month beginning _____. To be paid ☐ Direct, ☐ through payroll deduction, or [ ] through the plan.

**HOME MORTGAGES.** All claims secured by real property which are to be paid through the plan shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed herein, subject to the start date for the continuing monthly mortgage payment proposed herein.

MTG PMTS TO: **Chase Home Mortgage** BEGINNING **05/2013** @$ **636.00** [X] PLAN [ ] DIRECT

MTG ARREARS TO: **Chase Home Mortgage** THROUGH **04/2013** $**6,300.00** @$**105.00**/MO

**MORTGAGE CLAIMS TO BE PAID IN FULL OVER PLAN TERM:**
Creditor: **None** Approx. amt. due: $  Int. Rate:
Property Address:  Are related taxes and/or insurance escrowed ☐ Yes ☐ No

**NON-MORTGAGE SECURED CLAIMS.** Creditors that have filed claims that are not disallowed are to retain lien(s) pursuant to 11 U.S.C. 1325(a)(5)(B)(i)(I) until the payment of the debt determined as under non-bankruptcy law or discharge. Such creditors shall be paid as secured claimants the sum set out below or pursuant to other order of the Court. The portion of the claim not paid as secured shall be treated as a general unsecured claim.

| Creditor's Name | Collateral | 910* CLM | Approx. Amt. Owed | Value | Int Rate % | Pay Value or Amt. Owed |
|---|---|---|---|---|---|---|
| **None** | | | | | | |

*The column for "910 CLM" applies to both motor vehicles and "any other thing of value" as used in the "hanging paragraph" of 11 U.S.C. § 1325

**SPECIAL CLAIMANTS.** Including, but not limited to, co-signed debts, abandonment of collateral, direct payments by Debtor, etc. For all abandoned collateral Debtor will pay $0.00 on secured portion of the debt. Where the proposal is for payment, creditor must file a proof of claim to receive proposed payment.

| Creditor's Name | Collateral | Approx. Amt. Owed | Proposal Treatment |
|---|---|---|---|
| **Franklin Credit Management Corp.** | **second mortgage on home and property located at 803 Spring Ridge Cove, Holly Springs, MS** | **15,517.68** | **adversary proceeding/lien strip** |

**STUDENT LOANS** which are not subject to discharge pursuant to 11 U.S.C. §§ 523(a)(8) and 1328(c) are as follows (such debts shall not be included in the general unsecured total):

| Creditor's Name | Approx. Amt. Owed | Contractual Mo. Pmt. | Proposal Treatment |
|---|---|---|---|
| | | | |

**SPECIAL PROVISIONS** which may apply to any or all payments to be paid through the plan, including, but not limited to, adequate protection payments:

**GENERAL UNSECURED DEBTS** totaling approximately $**15,517.68**. Such claims must be *timely filed* and not disallowed to receive payment as follows: ___ IN FULL (100%), **0.0**% (PERCENT) MINIMUM, or a total distribution of $ **0.00**, with the Trustee to determine the percentage distribution. *Those general unsecured claims not timely filed shall be paid nothing, absent order of the Court.*

Total Attorney Fees Charged $ **3,000.00**
Attorney Fees Previously Paid $ **0.00**
Attorney fees to be paid in plan $ **3,000.00**

The payment of administrative costs and aforementioned attorney fees are to be paid pursuant to Court order and/or local rules.

Automobile Insurance Co/Agent

Attorney for Debtor (Name/Address/Phone/Email)
**Karen B. Schneller**
**Karen B. Schneller**
**Post Office Box 417**
**Holly Springs, MS  38635**
Telephone/Fax **(662) 252-3224/(662) 252-2858**
E-mail Address **karen.schneller@gmail.com**

Telephone/Fax:

DATE: **March 29, 2013**    DEBTOR'S SIGNATURE    */s/ Rodney  Jackson*
JOINT DEBTOR'S SIGNATURE
ATTORNEY'S SIGNATURE    */s/ Karen B. Schneller*

Debtor's Initials **RJ** Joint Debtor's Initials                                CHAPTER 13 PLAN, PAGE 2 OF 2